UNITED STATES DISTRICT COURT
FOR THE EASTREN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC SAVERING,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| **vs.** | : | |
| | : | **No.:  24-cv-** |
| **LIFE INSURANCE  COMPANY OF NORTH AMERICA.** | : | |
| **Defendant.** | : | |

The Plaintiff, ERIC SAVERING (hereinafter "Mr. Savering" or "Plaintiff"), by and through the undersigned counsel, hereby sues the Defendant, Life Insurance Company of North America ("LINA") and alleges:

**PRELIMINARY ALLEGATIONS**

1.    "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA.   Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.   This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant.   Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2.    Mr. Savering was at all times relevant a plan participant under UPMC's Long-Term Disability Group Policy Number LK-0980068 (the "Plan").

3.    Upon information and belief, defendant, LINA, is a subsidiary of New York Life Insurance Company with its principal place of business in the Commonwealth of Pennsylvania.

4.    Upon information and belief, LINA is the insurer of benefits under the Plan and acted in the capacity of a claims administrator.  As the decision maker and payor of benefits, LINA both funded and administered the claim with a conflict of interest and the bias this created affected the claims determination.

5.    The Plan is an employee welfare benefit plan regulated by ERISA, established for employees of UPMC and its affiliates, under which Mr. Savering was a participant, and pursuant to which Mr. Savering is entitled to long-term disability benefits.  Pursuant to the terms and conditions of the Plan, Mr. Savering is entitled to disability benefits for the duration of the Plaintiff's disability, for so long as Mr. Savering remains disabled as required under the terms and conditions of the Plan.

6.    Venue is proper in this district under 29 USC 1132(e)(2), in that LINA is licensed to transact business within the Commonwealth of Pennsylvania, with its principal place of business in Philadelphia.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

7.    Mr. Savering incorporates by reference all preceding paragraphs as though fully set forth herein.

8.    At all times relevant, Mr. Savering was an employee or former employee of UPMC and is a plan participant under the terms and conditions of the Plan.

9.    During the course of Mr. Savering's employment with UPMC, Mr. Savering became entitled to benefits under the terms and conditions of the Plan. Specifically, while Mr. Savering was covered under the Plan he suffered a physical disability as a result of Sickness, the nature of which, due to privacy, is detailed within the administrative record, rendering him disabled as defined under the terms of the Plan.

10.    As it relates to Mr. Savering's current claim for benefits, the long-term disability coverage portion of the Plan defines disability as followed:

*"The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is*

1. *unable to perform the material duties of her or her Regular Occupation; and*

2. *unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.*

3

*...*

*After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is unable to perform the material duties of any gainful occupation for which he or she is reasonably fitted by education, training, or experience. Gainful occupation means an occupation that is or can be expected to provide the Employee with an income within 12 months of return to work that exceeds 80% of his or her Indexed Earnings if working or not working. The Insurance Company will require proof of earnings and continued Disability.*

11. Due to restrictions and limitations arising from a physical "sickness", resulting in "disability" from his occupation as a Staff Pharmacist, Mr. Savering initially made a claim to LINA for benefits under the UPMC LTD Plan with a disability onset date on or about April 7, 2020.

12. Mr. Savering's claim for LTD benefits was thereafter approved by LINA.

13. Thereafter, via letter dated February 2, 2023, LINA initially notified Mr. Savering that it was terminating his long-term disability benefits after January 2, 2023.

14. Mr. Savering, acting through counsel, timely submitted his mandatory appeal of LINA's adverse benefit determination on or about September 11, 2023.

15. Via letter dated November 10, 2023, LINA issued a determination

informing Mr. Savering that his LTD appeal was denied, relying on new or additional evidence.

16.    Thereafter, Mr. Savering, acting through counsel, provided further information contesting LINA's adverse benefit determination based on new or additional information on or about December 29, 2023.

17.    Via letter dated February 16, 2024, LINA issued a final determination informing Mr. Savering that his LTD appeal was denied.

18.    At all material times hereto and as set forth above, Mr. Savering has continued to provide defendant with medical and other documentation supporting and confirming her ongoing disability status, as per the terms of the aforementioned policy.

19.    Mr. Savering has fully complied with filing all mandatory administrative appeals required under the plan.

20.    In reaching its decision to deny Mr. Savering's claim, the defendant's review was biased and selective; and ignored the severity of Mr. Savering's ongoing limitations and restrictions.

21.    Upon information and belief, the defendant violated its contractual obligations to its insured in denying a valid and fully supported claim for benefits.

22.    As set forth hereinabove, the defendant improperly, unjustifiably terminated Mr. Savering's disability benefits under the Plan without reasonable basis and based upon faulty, flawed, insufficient and defective information.

23.    As a consequence of defendant's pattern and practice of deliberate repudiation of its policy obligations, Mr. Savering has been deprived of his

contractual rights to receive total disability benefits payable under the aforementioned Plan.

24.    As a further consequence of its violation of ERISA and breach of its contractual and legal obligations, defendant has been unjustly enriched to the substantial detriment of its insured, Mr. Savering.

25.    As a further consequence of defendant's violation of ERISA and breach of its contractual and legal obligations, Mr. Savering has incurred and will continue to incur a loss of income, including counsel fees, litigation costs and expenses, loss of use of benefits payable and associated interest payments.

26.    At all relevant times herein, Mr. Savering has continued to make claim for monthly disability benefits under his disability policy, and he is still owed disability benefits for the period of time following the termination of benefits effective January 2, 2023 to the present.

## REQUEST FOR RELIEF

WHEREFORE, ERIC SAVERING prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1.    Payment of long-term disability benefits due Plaintiff;

2.    An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan, with all ancillary benefits to which he is entitled by virtue of his disability;

3.    In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4.    Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.    Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6.    Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

ROSEN MOSS SNYDER LLP

_____

Marc H. Snyder, Esquire
Christopher R. Harris, Esquire
Attorneys for Plaintiff,
Eric Savering